Filed 8/22/25  P. v. Hill CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | G064621 |
|        v. | (Super. Ct. No. 17CF3186) |
| PRENTIS JOHN HILL, | O P I N I O N |
|     Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Scott A. Steiner, Judge. Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Prentis John Hill of second degree murder. He filed a resentencing petition under Penal Code section 1172.6, which the trial court denied after a prima facie hearing.[1] On appeal, his appointed counsel filed a no-issue brief, requesting that we independently review the record for error under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We have exercised our discretion to review the record but have found no arguable issues. Thus, we affirm the court's postjudgment order.

FACTS AND PROCEDURAL HISTORY

In April 2019, the prosecution filed an information charging Hill with one count of murder. (§ 187, subdivision (a).) About three years later, a jury found him guilty of second degree murder. It also found true that he had personally used a dangerous weapon, a screwdriver, in committing the offense. (§ 12022, subd. (b)(1).) Hill was sentenced to 16 years to life in prison for the murder and the dangerous weapon enhancement. Hill appealed his conviction, and this court affirmed.

Hill filed a resentencing petition under section 1172.6 in July 2023 (the petition), while the appeal of his conviction was still pending. He was later appointed counsel in connection with the petition. The trial court dismissed the petition after a prima facie hearing. It explained, "petitioner is ineligible for relief because [Senate Bill No.] 1437 had already eliminated the now-invalid theories of murder liability by the time [Hill] was tried, convicted, and sentenced. The jury instructions confirm that petitioner was not convicted under an invalid theory of imputed malice because the jury was only instructed as to first and second-degree murder with zero reference to

---

[1] All further undesignated statutory references are to the Penal Code.

2

natural and probable consequences, accomplice liability, or imputed malice. If the jury was not instructed on any theory of liability for murder that required that malice be imputed to him, then defendant is ineligible for resentencing under Pen. Code § 1172.6 (a) and (b)."

Hill appealed. His counsel then filed a no-issue brief requesting independent review of the record under *Delgadillo*. Specifically, his counsel asked us to review whether Hill was ineligible for relief under 1172.6 as a matter of law. In March 2025, this Court issued an order granting Hill 30 days to file a supplemental brief. The order stated his appeal could be dismissed if he failed to do so. Hill did not file anything in response.

DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the . . . natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition . . . Senate Bill 1437 added section 1170.95 [(now section 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

A person convicted of murder prior to Senate Bill No. 1437's amendments may seek relief by filing a resentencing petition under section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708.) Trial courts review such petitions to determine whether the petitioner has made a prima facie case. "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Id.* at p. 708.)

3

On an appeal from a denial of a section 1172.6 petition, if appointed counsel finds no arguable issues to pursue, then he or she should file a brief stating this determination along with a factual summary of the petition's denial. The court should then notify the defendant of his or her right to file a supplemental brief and that the appeal may be dismissed if no such brief is filed within 30 days. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) If the defendant files a supplemental brief, the appellate court must evaluate the arguments made therein and issue a written opinion. (*Id.* at p. 232.) If no supplemental brief is filed, as here, the appellate court can either dismiss the appeal or review the record independently. (*Ibid.*)

In the interests of justice, we have exercised our discretion to independently review the record. We find there are no arguable issues, and Hill is ineligible for relief under section 1172.6 as a matter of law.

To begin, Hill was charged and convicted of murder *after* Senate Bill No. 1437 had become effective. "Thus, when this criminal proceeding was initiated, the prosecution was [already] precluded from proving the murder charge under a theory of imputed malice." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 298.) Hill "was not convicted under the prior law, which permitted a theory of murder based on imputed malice." (*Ibid.*) When the jury convicted him of murder, "the now invalid theories of murder liability had already been eliminated. Consequently, [Hill] has already received the benefits of Senate Bill No. 1437." (*Ibid.*) Thus, he is ineligible for relief under section 1172.6. (*Ibid.*)

Further, the record shows the jury convicted Hill as the actual killer and not under a natural and probable consequences theory or any other imputed liability theory. (See *People v. Strong*, *supra*, 13 Cal.5th at p. 710 ["Senate Bill 1437 relief is unavailable if the defendant was . . . the actual

killer"].) The jury was instructed on second degree murder with malice aforethought, first degree murder, and voluntary manslaughter. No instructions were given that would have allowed the jury to convict Hill of any of these offenses based on imputed malice. Specifically, the jury was *not* instructed on the natural and probable consequences doctrine, aiding and abetting, or felony murder. "[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

For the above reasons, Hill was ineligible for resentencing under section 1172.6. Thus, the trial court did not err by denying the petition at the prima facie stage.

## DISPOSITION

The court's postjudgment order is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


SCOTT, J.